**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
KIMMEO CHRISTMAS,                  :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :  Civil Action No. 05-0707 (JR)
                                   :
MARGARET SPELLINGS, Secretary,     :
U.S. Department of Education,      :
                                   :
        Defendant.                 :
```

**MEMORANDUM ORDER**

Kimmeo Christmas, an employee of the Department of Education, filed suit under Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e, et seq.  Ms. Christmas alleges that she suffered both race- and sex-based employment discrimination.  The government has moved to dismiss the complaint or, in the alternative, for summary judgment.  Because the court finds that plaintiff's claims are time-barred, the motion to dismiss will be **granted**.

Ms. Christmas filed two complaints of discrimination with the U.S. Department of Education's Equal Employment Opportunity (EEO) Group, the first on August 29, 2001, and the second on October 17, 2002.  Dkt #7 at 9.  On October 13, 2004, the agency issued a final decision rejecting the allegations of discrimination.  That same day, the EEO officer overseeing Ms. Christmas's complaints sent the decision, by certified mail, to the address plaintiff had provided to the EEO Group.  On October 19, 2004, the Postal Service left a notice at plaintiff's

residence informing her that she had certified mail waiting for her at the post office.  Id. at 9-10.  A copy of the Final Decision was also sent to Ms. Yvette Bryant, plaintiff's Designated Representative at the administrative level.  Id. at 10.  Postal Service tracking shows that the Final Decision was delivered to Ms. Bryant on October 22, 2004.

Ms. Christmas did not retrieve her certified mail.  On November 26, 2004, the Postal Service returned the unclaimed Final Decision to the Defendant.  On November 29, 2004, Ms. Hawkins sent an intra-office e-mail to Ms. Christmas, informing her that the decision had been returned unclaimed and that it was available for pick-up.  Ms. Christmas did not respond.  Three days later, on December 1, 2004 at 2:28 p.m., Ms. Hawkins sent a second intra-office e-mail to Ms. Christmas, reminding her to pick up the Final Agency Decision.  With this second e-mail, Ms. Hawkins used a tracking device that indicated that Ms. Christmas read the e-mail ten minutes after it was sent, at 2:39 p.m. on December 1, 2004.  Ms. Christmas finally picked up the decision on January 7, 2005, more than a month later.  She filed her federal complaint on April 7, 2005.

A Title VII action must be filed "within ninety days" after receipt of notice of an administrative decision on plaintiff's EEO complaint.  42 U.S.C. § 2000e-5(f)(1) (2000); 42 U.S.C. § 2000e-16(c); Mondy v. Secretary of the Army, 845 F.2d

1051, 1052 (D.C. Cir. 1988) (time for filing action runs from date of plaintiff's receipt of notice).

The circuits disagree about what constitutes "receipt" of a certified letter by a plaintiff, sufficient to trigger the 90-day filing period.  The D.C. Circuit does not appear to have addressed this exact issue.  Among the circuits that have addressed the "receipt" question, some have held that attempted delivery of a certified letter is sufficient to constitute constructive receipt.  See, e.g., Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40 (4th Cir. 1993)(90-day period begins with post office notice of letter availability); Johnson-Brown v. Wayne State Univ., 1999 U.S. App. LEXIS 4751 (6th Cir. 1999).  Other circuits require actual receipt of a document.  See, e.g., Jackson v. Contl. Cargo-Denver, 183 F.3d 1186 (10th Cir. 1999)(plaintiff who filed suit 89 days after retrieving certified letter from post office, but more than 90 days after Postal Service first attempted to send letter, fell within statutory time limit of 90 days); Houston v. Sidley & Austin, 185 F.3d 837 (7th Cir. 1999).  Even the circuits that require actual receipt, however, have declined to apply the actual notice rule to plaintiffs whose failure to receive actual notice has been through their own fault.  Thus, where a plaintiff failed to notify the administrative agency of a changed address, or failed

to timely retrieve her mail from the post office, the actual notice rule did not apply.  See Houston 185 F.3d at 839.

In this case, under the standards adopted by any circuit, Ms. Christmas failed to file her complaint within the 90-day statutory period.  She failed to act upon a notice that the certified letter of the final agency decision was available for pick-up on October 19, 2004, although the Postal Service held the letter for over a month.  After the letter was returned to the Department of Education, she waited more than a month, after being informed by e-mail that her final agency decision was available for pick-up from the EEO Group, before retrieving it on January 7, 2005.  Plaintiff Christmas's suit would be timely only if this court accepts January 7, 2005 as the appropriate date from which the 90-day filing period should run.  Because she received both actual and constructive notice that her final agency decision was available on several dates prior to January 7, 2005, however, I cannot find that January 7, 2005 is the appropriate start date for the 90-day filing period.

Plaintiff Christmas's suit is time-barred, and there is nothing in the pleadings to suggest that waiver, estoppel, or equitable tolling is appropriate in this case.  For the foregoing reasons, the defendant's motion to dismiss is **granted**.


                                    JAMES ROBERTSON
                              United States District Judge